UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALTONIO STEEPLES | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 4:12 CV 520 CDP |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on movant Altonio Steeples' motion under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. I sentenced Steeples to 123 months in prison and three years of supervised release following his pleas of guilty to possession with intent to distribute heroin and possession of a firearm in connection with a drug trafficking offense. Case No. 4:11CR0097CDP. He did not appeal. Steeples now alleges that he received ineffective assistance of counsel. After carefully reviewing the record, I conclude that Steeples' claim that his lawyer failed to file a notice of appeal after being instructed to do so requires an evidentiary hearing, and so I will appoint counsel to represent him for the hearing on that issue. All of his other claims are conclusively refuted by the record, so he is not entitled to a hearing on those claims.

## *Background*

Steeples pleaded guilty on May 5, 2011.  The charges arose from the execution of a search warrant at Steeples' residence on July 23, 2010, in which heroin, cocaine, a firearm, and almost $30,000 in cash were found.  At the plea Steeples admitted, both in writing and orally under oath, that he possessed the heroin with the intent to distribute it (Count 1) and that he possessed the firearm in furtherance of his drug trafficking activities (Count 2).

The plea agreement contained recommendations about the Sentencing Guidelines for Count 1.  In particular, the parties agreed that the base offense level was 22, because of the quantity of drugs involved, and that defendant was entitled to a three level reduction because he had accepted responsibility, and so the total offense level for that count was 19.  Steeples acknowledged that the sentence on the gun charge would be 60 months consecutive to the sentence on the drug charge.  The United States agreed not to bring any other federal charges related to the July 23, 2010 incident.  Steeples agreed that he would not appeal his sentence so long as I sentenced him within the guideline range resulting from the parties' agreement, unless there were issues of contested criminal history.  He also gave up his right to file a § 2255 motion except for claims of ineffective assistance of counsel or prosecutorial misconduct.

Steeples' presentence report agreed that the total offense level for the drug charge was 19. He had seventeen criminal history points, so his criminal history category was VI. The guidelines range for the drug charge in Count 1 was therefore 63 to 78 months. Count 2 required a mandatory consecutive sentence of 60 months. The combined range was therefore 123 to 138 months. On July 22, 2011, I began the sentencing hearing by asking Steeples if he had reviewed the presentence report and discussed it with his lawyer. He stated that he had. I asked him whether there were any objections to the presentence report that he wanted raised, and he stated that there were not. I then adopted the presentence report as my findings of fact and my legal conclusions about the advisory guidelines, and sentenced him to 123 months, consisting of 63 months on Count 1 (the bottom of the advisory guidelines range), and 60 months consecutive on Count 2. I informed him of his right to appeal and told him any appeal would have to be filed within fourteen days. After the sentencing hearing Steeples signed, and his counsel filed, a Certificate of Compliance with Local Rule 12.07(A), in which he acknowledged that his lawyer had informed him of his right to appeal the sentence and that he declined to file a notice of appeal, and that he had instructed his counsel not to file a notice of appeal.

The same lawyer represented Steeples on a probation revocation hearing in state court two weeks later, on August 5, 2011. Steeples now claims that at that state

court hearing (for which he received concurrent time) he told counsel he wanted to appeal the federal sentence. Counsel has filed an affidavit stating that Steeples never told him to appeal, and in fact, that Steeples indicated that he was was pleased because his state and federal sentences would run concurrently and he would not have to serve time in a Missouri state prison.

Steeples' § 2255 motion alleges that he received ineffective assistance of counsel in four ways:

1)  Counsel failed to file an appeal after being instructed to do so;

2)  Counsel failed to object to errors in the calculation of Steeples' criminal history points;

3)  Counsel encouraged Steeples to enter into a plea agreement that provided no benefit; and

4)  Counsel failed to timely discuss the presentence investigation report with him.

### *Ineffective Assistance of Counsel*

The Sixth Amendment provides the right for criminal defendants to have the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to succeed on an ineffective assistance of counsel claim, Steeples must show two things:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687. When examining counsel's performance, judicial scrutiny must be "highly deferential." *Id.* at 689. In addressing the prejudice element, Steeples must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if the movant makes an insufficient showing on one of the prongs. *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012) . Counsel cannot be deficient for failing to make a meritless argument. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

The court must hold an evidentiary hearing for § 2255 claims unless the motion, files, and record conclusively show the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *see Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). But a § 2255 motion may be dismissed without a hearing if the allegations, even if true, would not entitle the movant to relief, or if they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Id.*

## A. Failure to file an appeal

Steeples asserts that he asked his counsel to appeal the federal sentence when they met for the state court hearing two weeks later. When an attorney disregards specific instructions to file an appeal, the attorney "acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The action is professionally unreasonable regardless of the likelihood of success of the unfiled appeal, whether there are legitimate grounds for appeal, or even where, as here, a defendant has explicitly waived his right to appeal. *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007). Where there is conflicting evidence about whether a defendant instructed counsel to file a notice of appeal, the court must hold a hearing. *Id*.

Steeples signed a statement certifying that he had been informed of his right to appeal and had instructed counsel not to file a notice of appeal. "[A] defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (emphasis in the original). Here, Steeples explicitly told his attorney not to file a notice of appeal. In most cases, this would be conclusive evidence refuting the claim. *See Angulo-Arjona v. United States,* No. 1:11CV223RWS, 2012 WL 3891610 (E. D. Mo. Sept. 7, 2012); *Oberndorfer v.*

*United States*, No. 4:10CV145ERW, 2012 WL 4941430 (E. D. Mo. Nov. 30, 2010)

But Steeples claims that, on the very last day in which he could have filed a notice of appeal, he contradicted his prior instruction and told counsel to appeal. He does not state what, if any, grounds he might have had for an appeal, and he does not state why any such hypothetical grounds would not be barred by his waiver of appeal. Nevertheless, under the rule in *Watson*, the court must hold a hearing on this claim. Under Rule 8(c) of the Rules Governing Section 2255 Proceedings, I must also appoint counsel for this hearing since Steeples qualifies for appointed counsel under 18 U.S.C. § 3006A. I will therefore appoint counsel and hold a telephone conference with the Assistant United States Attorney and appointed counsel to determine the procedures and schedule for a hearing.

## B. Failure to object to criminal history point calculation

Steeples alleges that he somehow should have received only six criminal history points, not seventeen, for his eight previous convictions, and that his counsel was ineffective for failing to object to the presentence report on this basis. I conclude that Steeples cannot show that counsel was ineffective for failing to object to this calculation because he was correctly placed in criminal history Category VI.

Each of Steeples' eight previous convictions resulted from separate arrests. He received one point apiece for four of them, and apparently does not challenge those.

But he received a total of 11 points from four other drug cases, and he contends that each of these should only have been assessed one point. The presentence report calculated that Steeples had 17 criminal history points; he only needed 13 to be placed in criminal history category VI.

On June 23, 2006 Steeples was sentenced to 10 years in prison on each of those four separate criminal matters. The sentences were ordered to run concurrently with one another. Steeples was released from the Missouri Department of Corrections on August 21, 2007, and the remainder of the sentences were suspended. He argues, however, that the sentences were suspended entirely, and so they should only have received one criminal history point under Sentencing Guideline § 4A1.1(c). This is simply incorrect. The sentences were not suspended until he successfully completed the drug program. Under §4A1.2(b)(2), if a sentence is partially suspended, the sentence is counted based on the amount of time actually served. Here he served more than a year and a month on each of these sentences, so he should have received three points apiece for each of those convictions under §4A1.1(a).[1] He received two more points for committing his current offense while on probation. When all the points are added, Steeples was correctly placed in Category VI.

------------------------------------------------

[1] He was incorrectly given only two points for one of the sentences.

The points were not improperly inflated.  As a matter of law, Steeples'

attorney cannot be ineffective for failing to object where the objection would have

been overruled.  *DeRoo v. United States*, 223 F.3d 919, 926 (8th Cir. 2000).  The

attorney's inaction was neither deficient nor prejudicial, so this ground fails.

## C. Encouraging Steeples to enter plea agreement with no benefit

In his third argument, Steeples claims his attorney was ineffective for

encouraging him to enter a plea agreement that provided no benefit.  Steeples cites

no support for the proposition that a plea agreement must provide benefits.  Even so,

the files and record show Steeples knew what he was doing and received a benefit.

The record conclusively shows that Steeples entered the plea knowingly and

voluntarily, and so this ground fails.

At his plea hearing, I explained the rights he would forego by pleading guilty.

I asked whether he had read and discussed the plea agreement with his attorney.  He

said, "Yes, ma'am." I asked if there was anything in it with which he disagreed or

that he did not understand.  He replied, "No, ma'am." (Transcript, p. 6).  I told

Steeples that he had the right to plead not guilty and go to trial, and explained all the

rights he would have if he went to trial and that he was waiving those rights.  I asked

him about all the specific provisions of the plea agreement, and Steeples indicated

that he understood all the rights and had had ample time to discuss the plea with his

counsel.

Steeples received the minimum amount of time recommended by the guidelines for his crimes. He received guidelines credit for accepting responsibility, including the third level off under § 3E1.1(b) for doing so in a timely manner so the government did not have to prepare for trial. This alone is a benefit to him, as his sentence would have been higher absent the government's agreement on this issue. He also avoided any further charges being brought against him. The government's agreement to not pursue other charges arising out of its investigation has been considered valuable consideration in exchange for a plea agreement. *Gool v. United States*, 377 Fed. Appx. 583, 587 (8th Cir. 2010).

In his affidavit, Steeples' attorney noted that they worried Steeples might be charged as a prior drug offender because he had seven previous drug convictions. Had Steeples been treated as a prior drug offender, he could have received a maximum sentence of thirty years. He would also have a mandatory six-year term of supervised release, instead of the three years he actually received. (Presentence Report, p. 16). This was also a benefit to him. At the least, Steeples has done nothing to overcome the presumption that his attorney's actions "might be considered sound . . . strategy." *Strickland,* 466 U.S. at 689 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)).

Contrary to Steeples' assertions, I find he benefitted from entering into the plea agreement, and his attorney's performance was not deficient.

## D.  Failure to timely discuss presentence investigation report

For his final argument, Steeples claims his attorney did not provide sufficient time to review the PSR.  Steeples contends that a lengthy review would have allowed him to point out what he viewed as an incorrect calculation of his criminal history points.

As noted above, the presentence report assigned Steeples to the correct criminal history category.  Further, if Steeples had a problem with the calculation, he had the chance to raise that concern.  During the sentencing hearing, both Steeples and his attorney were asked whether they had discussed the report, and Steeples was asked if he had any objections.  He had none. (Transcript, p.2).

Again, Steeples has not shown anything that would lead a court to conclude that his counsel's performance fell below a reasonable standard or that he was prejudiced by that conduct.

### *Conclusion*

Steeples' second, third, and fourth claims of ineffective assistance of counsel will be denied.  Steeples' attorney's representation was not deficient in any of the ways alleged in those claims.

As set out above, Steeples is entitled to an evidentiary hearing to determine whether he did, in fact, request that his attorney file an appeal. I will appoint counsel and then, after consulting with both counsel, will schedule an evidentiary hearing limited to that issue.

Accordingly,

**IT IS HEREBY ORDERED** that Steeples second, third, and fourth claims of ineffective assistance of counsel are denied.

**IT IS FURTHER ORDERED** that the **Federal Public Defender** for this District is appointed to represent Steeples on his claims that counsel failed to follow his instructions to file a notice of appeal.

**IT IS FURTHER ORDERED** that I will initiate a **telephone conference** with counsel for the United States and the Federal Public Defender on **Thursday, November 7, 2013 at 3:00 p.m.** to discuss the schedule and logistics for the hearing.



CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2013.